**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED
JAMES BONINI
CLERK

2010 MAY -4 P 2: 15

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| DAVID SCHOTTENSTEIN, | : | CASE NO. |
| 454 East Main Street, Suite 216 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| Plaintiff, | : | JUDGE |
| | : | |
| v. | : | |
| | : | |
| KEILI TRADING LTD., | : | |
| 3133 District Post Office | : | |
| Limassol, Cyprus | : | |
| | : | |
| and | : | |
| | : | |
| MEACHEM MANDEL LEVITIN, | : | |
| Aggrippas 40/37 | : | |
| Jerusalem, Israel 94301 | : | |
| | : | |
| and | : | |
| | : | |
| DAVID WEISS, | : | |
| 254 S. Highland Avenue | : | |
| Los Angeles, California 90036-3027 | : | |
| | : | |
| Defendants. | : | |

**2:10 cv 398**

**JUDGE FROST**

**MAGISTRATE JUDGE KEMP**

## COMPLAINT

Now comes Plaintiff David Schottenstein, and, for his Complaint against Keili Trading

Ltd. ("Keili"), Meachem Mandel Levitin, and David Weiss (collectively "Defendants"), states as

follows:

### I.  NATURE OF THE ACTION

1.      Mr. Schottenstien brings this action against Defendants to recover damages that

have resulted from Defendants' breach of a Loan Agreement between the parties.

1

## II. PARTIES

2.      Plaintiff David Schottenstein is an individual who does business at 454 East Main Street, Suite 216, Columbus, Ohio 43215 and resides within the Southern District of Ohio.

3.      Upon information and belief, Defendant Keili Trading Ltd. is, and at all relevant times herein, was, a corporation organized and existing under the laws of Cyprus with its principal place of business in Limassol, Cyprus and a business address of 3133 District Post Office, Limassol, Cyprus.

4.      Upon information and belief, Defendant Meachem Mandel Levitin, is, and at all relevant times herein, was, an individual residing at Aggrippas 40/37, Jerusalem, Israel 94301.

5.      Upon information and belief, Defendant David Weiss is, and at all relevant times herein, was, an individual residing at 254 S. Highland Avenue, Los Angeles, California 90036-3027.

## III. JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Defendants because pursuant to the terms of the Loan Agreement between the parties, Defendants consented to submit themselves to the jurisdiction of the United States District Court for the Southern District of Ohio.

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity is present and the amount in controversy exceeds $75,000.00.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Mr. Schottenstein's claim occurred in this jurisdiction and because, pursuant to the terms of the Loan Agreement between the parties, Defendants consented to venue in the United States District Court for the Southern District of Ohio.

## IV. FACTS

9.      On or about August 15, 2008, Mr. Schottenstein and Defendants entered into a Loan Agreement.  The Loan Agreement is attached hereto as Exhibit 1.

10.     Pursuant to the Loan Agreement, Mr. Schottenstein loaned Defendants jointly and severally an amount of Five Hundred Thousand United States Dollars ($500,000.00) ("Loan Amount").

11.     As part of the Loan Agreement, on or about August 15, 2008, Defendants executed a Promissory Note whereby they agreed jointly and severally to pay Mr. Schottenstein the Loan Amount, plus interest ("Amount Due"), within six (6) months of the date of the loan. The Promissory Note is attached to the Loan Agreement as Exhibit A.

12.     As part of the Loan Agreement, on or about August 15, 2008, Mr. Levitin and Mr. Weiss executed a Guaranty Agreement whereby they guaranteed jointly and severally the full and timely payment of Keili's obligations under the Loan Agreement and Promissory Note.  The Guaranty Agreement is attached to the Loan Agreement as Exhibit B.

13.     Pursuant to the Loan Agreement, Defendants agreed that should Mr. Schottenstein take legal action to collect the Amount Due, Defendants would pay Mr. Schottenstein all reasonable costs he incurred in collecting the Amount Due, including attorneys' fees.

14.     Defendants paid Mr. Schottenstein a portion of the Amount Due, but have not paid Mr. Schottenstein the full Amount Due.

15.     As of May 4, 2010, the amount Defendants owe Mr. Schottenstein under the Loan Agreement is greater than $75,000.00.

3

16.     Pursuant to the Loan Agreement, Defendants consented to submit themselves to the jurisdiction of the United States District Court for the Southern District of Ohio.

17.     Pursuant to the Loan Agreement, Defendants consented to venue in the United States District Court for the Southern District of Ohio.

## COUNT I:  BREACH OF CONTRACT

18.     Mr. Schottenstein hereby incorporates and realleges paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.     On or about August 15, 2008, Mr. Schottenstein entered into a Loan Agreement with Defendants whereby Mr. Schottenstein loaned the Loan Amount

20.     As part of the Loan agreement, on or about August 15, 2008, Defendants executed a Promissory Note whereby they agreed jointly and severally to pay Mr. Schottenstein the Amount Due within six (6) months of the date of the loan.

21.     As part of the Loan agreement, on or about August 15, 2008, Mr. Levitin and Mr. Weiss executed a Guaranty Agreement whereby they guaranteed jointly and severally the full and timely payment of Keili's obligations under the Loan Agreement and Promissory Note.

22.     Mr. Schottenstein performed his duties under the Loan Agreement.

23.     Defendants have breached the terms of the Loan Agreement by not paying Mr. Schottenstein the Amount Due within the time period set forth in the Loan Agreement.

24.     Defendants' breach has caused Mr. Schottenstein damage, including, but not limited to, the unpaid portion of the Amount Due, legal costs and expenses, and attorneys' fees to collect the unpaid portion of the Amount Due.

4

## COUNT II: PROMISSORY ESTOPPEL

25.     Mr. Schottenstein hereby incorporates and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.     Mr. Schottenstein loaned Defendants the Loan Amount.

27.     Defendants clearly and unambiguously promised Mr. Schottenstein that they would pay Mr. Schottenstein the Amount Due within six (6) months of date of the loan.

28.     Mr. Schottenstein reasonably and justifiably relied upon Defendants' clear and unambiguous promise.

29.     Defendants failed to fulfill their clear and unambiguous promise to pay Mr. Schottenstein the Amount Due within six (6) months of the date of the loan because a portion of the Amount Due has not been paid to Mr. Schottenstein by Defendants.

30.     Injustice can be avoided only by enforcing Defendants' clear and unambiguous promise and awarding Mr. Schottenstein damages.

## COUNT III: UNJUST ENRICHMENT

31.     Mr. Schottenstein hereby incorporates and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     Mr. Schottenstein loaned Defendants the Loan Amount.

33.     Defendants knew or should have known that Mr. Schottenstein loaned Defendants the Loan Amount with a reasonable expectation that Defendants would pay Mr. Schottenstein the Amount Due within six (6) months of the date of the loan.

34.     Mr. Schottenstein has suffered a loss by Defendants failure to repay him the Amount Due within six (6) months of the date of the loan.

35.     Defendants have been enriched because they received the benefit of the Loan Amount and they have not paid Mr. Schottenstein the Amount Due.

36.     Under the circumstances, it would be unjust to permit Defendants to receive the benefit of the Loan Amount without paying Mr. Schottenstein the Amount Due.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Schottenstein demands that the Court enter judgment in his favor on his Complaint and against Defendants for:

1.     Compensatory damages;

2.     Mr. Schottenstein's reasonable attorneys' fees;

3.     Mr. Schottenstein's costs and expenses;

4.     Interest;

5.     Any and all other relief to which this Court deems just and proper.

Respectfully submitted,

*Joe Miller  by TBP*
_____
Joseph R. Miller  (0068463), Trial Attorney
Tyler B. Pensyl (0080649)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-6233
Facsimile: (614) 464-4630
Email:  jrmiller@vorys.com
        tbpensyl@vorys.com

Counsel for Plaintiff David Schottenstein